UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FREEPLAY MUSIC, LLC,
                Plaintiff,

- against -

NIAN INFOSOLUTIONS PRIVATE LIMITED,
                Defendant.

16 Civ. 5883 (JGK)

MEMORANDUM OPINION AND ORDER

---

JOHN G. KOELTL, District Judge:

    This case concerns the infringement of copyrights owned by Freeplay Music, LLC ("FML") by Nian Infosolutions Private Limited ("Nian") in violation of the Copyright Act, 17 U.S.C. § 101 et seq. FML filed a Complaint on July 22, 2016. When Nian failed to answer the Complaint, show why FML was not entitled to a default judgment, or otherwise appear in the case, the Court entered a finding, on November 1, 2017, that FML was entitled to a default judgment. The Court then referred the case to Magistrate Judge Lehrburger for an inquest on damages.

    The magistrate judge ordered FML to show cause why the case should not be dismissed for lack of personal jurisdiction over Nian. There is no indication in the docket that FML provided any response. The magistrate judge then issued a Report and Recommendation (the "Report") on March 12, 2018, recommending that the Court dismiss the case for lack of personal jurisdiction over Nian. The magistrate judge also calculated the

1

statutory damages at $345,000 if there were personal jurisdiction over Nian. FML objects to both recommendations.

**I.**

In reviewing the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court may also "recommit the matter to the magistrate judge with instructions." Id.

**II.**

In this case it is appropriate to recommit the matter to the magistrate judge.

First, with respect to the issue of personal jurisdiction, the magistrate judge analyzed the issue solely under New York's long-arm jurisdiction -- N.Y. C.P.L.R. § 301 (general jurisdiction) and N.Y. C.P.L.R. § 302(a) (specific jurisdiction). FML claims that there is personal jurisdiction over Nian under Federal Rule of Civil Procedure 4(k)(2) because this case arises under federal law and involves a defendant who is not subject to jurisdiction in any state court of general jurisdiction. FML also states that it will submit evidence that the requirements of Rule 4(k)(2) are satisfied in this case, including the inability to subject Nian to the jurisdiction of any state court of general jurisdiction. Because this issue was not mentioned in the Report, the magistrate judge should

2

consider it in the first instance after receiving a further submission from FML and Nian if it chooses to participate.

Second, FML also objects to the magistrate judge's calculation of damages. FML requested $1,110,000, or roughly $30,000 for each of 39 infringed works. The magistrate judge misconstrued FML's request as seeking $11,100,000 and rejected tat request. Now that the confusion has been resolved, the magistrate judge should reconsider the calculation of statutory damages after receiving a further submission from FML and Nian if it chooses to participate.

## CONCLUSION

For the reasons explained above, the case is **recommitted** to the magistrate judge for further consideration.

SO ORDERED.

Dated: New York, New York
April 6, 2018

_____
John G. Koeltl
United States District Judge